UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| DAVID ULERY, individually and on behalf of all others similarly situated, | ) ) ) |
| | ) Case No. 20-cv-02354-WJM-KMT |
| Plaintiff, | ) ) |
| | ) Judge: William J. Martinez |
| v. | ) ) Magistrate Judge: Kathleen M. Tafoya |
| | ) ) |
| AT&T MOBILITY SERVICES, LLC | ) ) |
| Defendant. | ) |

**Defendant's Unopposed Motion To Stay Pending The Supreme Court's Decision In**
***Facebook v. Duguid***

1.  AT&T Mobility Services, LLC ("AT&T") respectfully requests that this case be stayed pending the Supreme Court's decision in *Facebook, Inc. v. Duguid,* Case No. 19-511. Plaintiff does not oppose this relief in lieu of AT&T's filing of a Rule 12(b)(6) motion at this time, which was agreed to during the parties' meet and confer regarding any potential Rule 12 motion required by the Court's standing order.

2.  AT&T previously filed a motion to dismiss all of Plaintiff's claims. (Dkt. No. 25). In that motion, AT&T argued that Plaintiff failed to allege the use of an "automatic telephone dialing system" ("ATDS") as required to state a claim under the Telephone Consumer Protection Act ("TCPA") because the complaint alleged that Plaintiff received texts because he was on a list of AT&T employees maintained by AT&T.

3.  As described in that motion, the question of whether equipment that only has the capacity to dial from a list can be an ATDS has split the circuits. *Compare Gadelhak v. AT&T*

1

*Services, Inc.,* 950 F.3d 458 (7th Cir. 2020); *Glasser v. Hilton Grand Vacations Company,* 948 F.3d 1301 (11th Cir. 2020); *Dominguez v. Yahoo Inc.!,* 894 F.3d 116, 199 (3rd Cir. 2018) *with Marks v. Crunch San Diego,* 904 F.3d 1041 (9th Cir. 2018); *Duran v. La Boom Disco Inc.,* 955 F.3d 279 (2nd Cir. 2020); *Allan v. Pennsylvania Higher Education Assistance Agency,* 968 F.3d 567 (6th Cir. 2020).

4. The Tenth Circuit is yet to rule on the issue.

5. The Supreme Court granted certiorari in the *Facebook* case to resolve this circuit split. Oral argument in the case is scheduled for next week, with a decision expected this term. Ex. A.

6. After AT&T filed that initial motion, Plaintiff filed an amended complaint on November 20, 2020. AT&T does not believe this amended complaint addresses the alleged defects outlined in its original motion and thus originally intended to re-file its motion to dismiss. Plaintiff contends that the amended complaint does address the defects alleged by AT&T.

7. As required by the Court's standing order, AT&T emailed Plaintiff on November 30, 2020 to discuss whether Plaintiff had any additional proposed amendment to resolve the issues raised in the Rule 12(b)(6) motion. While Plaintiff did not agree to withdraw the complaint or propose a further amendment, he did agree to stay the case pending the Supreme Court's decision in *Facebook*. Plaintiff agrees that the *Facebook* decision may provide guidance to the parties and the Court on the substantive issue of whether the dialing system utilized by AT&T qualifies as an ATDS. [1]

---

[1] AT&T thus may file a motion regarding whether the complaint alleged the use of an ATDS upon either the denial of this request for the stay or in the event of a favorable decision in the *Facebook* case.

8. A district court has discretionary power to stay proceedings as part of its inherent ability to control its own docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party requesting the stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In this district, courts generally consider a variety of factors in assessing whether to grant a *Landis* stay, including: "(1) plaintiff's interest in proceeding expeditiously, and the prejudice to plaintiff of a delay; (2) the burden on defendants; (3) the convenience of the court; (4) the interests of nonparties in resolution of the case; and (5) the public interest." *Hawg Tools LLC v. Newsco Int'l Energy Services, Inc.,* 2015 WL 1087051, at *1 (D. Colo. Mar. 9, 2015).

9. These factors counsel in favor of a stay here. Any prejudice to the parties as a result of a stay is small, in light of the short time frame before any expected Supreme Court decision (and as evidenced by Plaintiff's agreement to this motion). In contrast, the burden on the parties should a stay not be granted would be significant. In the months before the Supreme Court rules, the parties will otherwise need to engage in costly class discovery and potentially even move for summary judgment under the current schedule.

10. The Court too would benefit from the stay. Should the Supreme Court adopt a different interpretation of the TCPA than the Court here, the Court would need to decide the same motion twice. That duplication of effort can be easily avoided by simply staying the case. And the parties' agreement to stipulate to a stay also avoids the burden on the Court associated with deciding the Rule 12(b)(6) motion that would otherwise be filed at this time.

11. Finally, nothing indicates that there is any substantial interest of a non-party or the public that might justify denying a stay. To the contrary, courts have recognized that avoiding

unnecessary litigation and conflicts in legal rules benefits the public and weighs *in favor* of a stay. *Hawg Tools,* 2015 WL 1087051 at *2.

12. In light of the benefits of a stay to await clarification of the relevant law, and to avoid unnecessary motion practice, AT&T thus respectfully requests the Court enter an order staying the case until such time as the Supreme Court issues its opinion in the *Facebook* case. Should such a stay be granted, the parties further propose to provide a status report to the Court, no more than 14 days after such a decision issues that requests the stay be lifted and includes an updated case management plan, including a date for AT&T to file a responsive pleading or motion. Should the requested stay be denied by the Court, the parties agree that AT&T's responsive pleading (including any Rule 12 motion) shall be due within 7 days of the Court's order denying the stay.

Dated: December 4, 2020                               MAYER BROWN LLP

                                                    */s/ Kyle J. Steinmetz*

Kyle J Steinmetz
MAYER BROWN LLP
71 S. Wacker Drive
Chicago IL 60606
Telephone: (312) 701-8547
Facsmilie: (312) 706-9178
ksteinmetz@mayerbrown.com

Douglas A. Smith, No. 52017
MAYER BROWN LLP
350 S. Grand Avenue, Suite 2500
Los Angeles, California 90071-1503
Telephone: (213) 229-5198
Facsimile: (213) 625-0248
dougsmith@mayerbrown.com

*Attorneys for Defendant AT&T Mobility Services, LLC*

**CERTIFICATE OF SERVICE**

I, Kyle J. Steinmetz, an attorney do hereby certify that I caused a copy of the foregoing to be served on counsel of record via the ECF system on December 4, 2020.

/s/ Kyle J. Steinmetz