IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–02354–PAB–KMT

DAVID ULERY,

    Plaintiff,

v.

AT&T MOBILITY SERVICES, LLC,

    Defendant.

---

## ORDER

---

Before the court is "Defendant's Unopposed Motion to Stay Pending the Supreme Court's Decision in *Facebook v. Duguid*." (["Motion"], Doc. No. 29.) In the Motion, Defendant asks that discovery in this matter be stayed, pending the United States Supreme Court's forthcoming decision in *Facebook, Inc. v. Duguid*, No. 19-511 (U.S. July 9, 2020). (*Id.* at 1.) No response has been filed to the Motion.[1] For the following reasons, the Motion is GRANTED.

### STATEMENT OF THE CASE

On August 7, 2020, Plaintiff David Ulery ["Ulery"] filed this class action lawsuit, asserting violations of the Telephone Consumer Protection Act ["TCPA"], 47 U.S.C. § 227(b), by Defendant AT&T Mobility Services, LLC ["AT&T"]. (Doc. No. 1.) Ulery alleges, specifically, that AT&T used an automatic telephone dialing system ["ATDS"] to send

---

[1] Defendant advises that Plaintiff "does not oppose this relief in lieu of AT&T's filing of a Rule 12(b)(6) motion at this time." (Mot. 1.)

unsolicited text messages and robocalls "to Plaintiff and other consumers without their prior consent." (*Id.* at 8-10 ¶¶ 38, 49-50.) As relief, Plaintiff requests class certification; a declaration that Defendant's practices violate the TCPA; statutory damages of $500.00 for each call in violation of the TCPA; treble damages of $1,500.00 for each call in "willful" violation of the TCPA; and injunctive relief prohibiting such TCPA violations by Defendant in the future. (*Id.* at 16-17.)

On November 5, 2020, Defendant responded to Plaintiff's allegations by filing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. (Doc. No. 25.) In the motion to dismiss, AT&T argues that Ulery has failed to plausibly allege the use of an ATDS device, as is required to bring a claim under the TCPA. (*Id.* at 12-13.) In making that argument, Defendant construes the TCPA's definition of the term "ATDS" to encompass only those systems that "have the capacity to either (i) produce telephone numbers randomly or sequentially on [their] own, and then dial them; or (ii) store telephone numbers that have been generated randomly or sequentially and then dial them later." (*Id.* at 8.) In the motion to dismiss, Defendant correctly points out that the Tenth Circuit has yet to address "whether equipment that dials only from a preexisting list of numbers (such as a list of AT&T's retail employees) can constitute an ATDS," and it notes that other circuits "have split on the question." (*Id.* at 5.)

Four weeks after filing the motion to dismiss, on December 4, 2020, AT&T filed the present motion to stay this case, pending the Supreme Court's anticipated decision in *Facebook,*

*Inc. v. Duguid*, No. 19-511 (U.S.) ["*Facebook*"].² The Supreme Court recently granted a petition for a writ of certiorari in *Facebook*, as to the question of "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator." *See Facebook, Inc. v. Duguid*, 2019 WL 5390116 (U.S. Oct. 17, 2019), at *ii (petitioning the Court); *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252, at *1 (U.S. July 9, 2020) (granting the writ). AT&T argues that a stay pending the Supreme Court's ruling in *Facebook* is appropriate here, because that ruling "may provide guidance to the parties and [this court] on the substantive issue of whether the dialing system utilized by AT&T qualifies as an ATDS." (Mot. 2 ¶ 7.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Miles v. BKP, Inc.*, No. 18-cv-01212-PAB-MEH, 2019 WL 5957296, at *1 (D. Colo. Nov. 13, 2019); *Rocha v. CCF*

---

² In the interim, on November 20, 2020, Plaintiff filed an Amended Complaint in this action. (Doc. No. 28.) AT&T states that it "does not believe this amended complaint addresses the alleged defects outlined in its original motion," and states that it "thus may file a motion regarding whether the complaint alleged the use of an ATDS upon either the denial of this request for the stay or in the event of a favorable decision in the *Facebook* case." (Mot. 2 ¶ 6 & n.1.)

*Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

## ANALYSIS

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay. Indeed, Plaintiff does not oppose the stay. (*See* Mot. 1 ¶ 1, 2 ¶ 7.) The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*,

4

No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, Defendant has set forth a convincing argument that both parties would be unduly burdened by moving forward with discovery prior to the Supreme Court's resolution of the central question presented by *Facebook*, given that that same issue is "critical" to the resolution of this case. (Mot. 3 ¶ 9; *see* Doc. No. 25 at 5.) The court agrees that Defendant could, therefore, be prejudiced by engaging in discovery at this time. *See Blower v. Portfolio Recovery Assocs., LLC*, No. 19-CV-02270-BAS, 2020 WL 5223544, at *1 (S.D. Cal. July 23, 2020) (staying action where ATDS definition was "central" to the resolution of the case).

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay. By imposing a discovery stay in this case, judicial economy will be enhanced, because the Supreme Court's decision in *Facebook* is likely to simplify a critical legal issue and streamline the district court's consideration of the instant matter. *See Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 822 (D. Minn. 2016) (noting that a pending decision that clarifies the meaning of ATDS will "help streamline the legal issues and focus discovery"). The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Thus, considering the *String Cheese* factors together, a stay of discovery is appropriate.

Accordingly, it is

**ORDERED** that "Defendant's Unopposed Motion to Stay Pending the Supreme Court's Decision in *Facebook v. Duguid*" (Doc. No. 29) is **GRANTED**. Discovery in this matter is **STAYED** pending the United States Supreme Court's ruling in *Facebook, Inc. v. Duguid*, No. 19-511 (U.S. July 9, 2020). The parties shall file a joint status report within ten days of the United States Supreme Court's ruling in *Facebook*, to advise whether the Scheduling Order should be amended.

This 12th day of December, 2020.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge